**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br><br>   Defendants. | Civil Action No. 26-cv-05428 |

## [PROPOSED] ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

The Court has considered Plaintiff's *ex parte* application (the "Application"), including the Mu Declaration, as well as all other papers filed in support of the Application, for the following relief:

(1) issuance of a temporary restraining order against defendants (as described in Schedule A attached to the Complaint ("Defendants"), which shall also be attached hereto), enjoining Defendants from the manufacture, importation, distribution, offering for sale, and sale of infringing products (the "Infringing Products") infringing upon U.S. Trademark Registration Nos. 1,850,527; 1,908,112; 5,388,088; and 5,578,788 (the "NASCAR Marks").

(2) imposition of a temporary restraint of certain of Defendants' assets, described below, to preserve Plaintiff's right to an equitable accounting;

(3) leave to conduct expedited discovery allowing Plaintiff to inspect and copy Defendants' records relating to the manufacture, distribution, offering for sale, and sale of Infringing Products, as well as of Defendants' financial accounts;

(4) leave to serve the Defendants by electronic mail and/or electronic publication; and

(5) ordering Defendants to show cause why a preliminary injunction should not issue on the return date of the Application.

Based on the papers and other evidence submitted in support of the Application, and for good cause shown, the Court makes the following findings of fact and conclusions of law:

<u>**FACTUAL FINDINGS & CONCLUSIONS OF LAW**</u>

1.      Plaintiff is likely to prevail on its trademark infringement claims at trial.

2.      As a result of Defendants' misconduct, Plaintiff is likely to suffer immediate and irreparable losses, damages, and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted. For example:

   a.   Defendants, without any authorization or license from Plaintiff, have knowingly, willfully, and deliberately infringed Plaintiff's NASCAR Marks in connection with the systematic advertisement, distribution, offering for sale, and sale of Infringing Products into the United States, including within this judicial district of New York, over the Internet through accounts with online marketplace platforms and payment processors, including PayPal and Shop Pay, held by Defendants (the "User Account(s)").

   b.   Plaintiff has well-founded fears that more Infringing Products will appear in the marketplace using the same User Accounts or new and different User Accounts; that consumers may be misled, confused and disappointed by the quality of these Infringing Products, resulting in injury to Plaintiff's reputation and goodwill and, in particular, the reputation and goodwill related to NASCAR Marks.

c.    Plaintiff has well-founded fears that if it proceeds on notice to Defendants on this Application, Defendants will: (i) transfer, conceal, dispose of, or otherwise destroy the Infringing Products and information concerning the Infringing Products; (ii) transfer, conceal, dispose of, or otherwise hide the ill-gotten proceeds from the improper sale of the Infringing Products; and/or (iii) close down existing User Accounts, transfer User Account information, and/or open a new User Account through which Defendants can improperly advertise, market, promote, distribute, offer for sale and/or sell the Infringing Products under a new or different alias, allowing Defendants' misconduct to continue with little or no consequence.

3.    On balance, the potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, and the goodwill and reputation built up in and associated with the NASCAR Marks if a temporary restraining order is not issued.

4.    Notice of this temporary restraining order (the "TRO") on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants and does not violate the Hague Service Convention as Plaintiff is not seeking to effectuate service of process via electronic means at this juncture.

5.    If Defendants are given notice of the Application, they are likely to conceal, transfer, or otherwise dispose of their ill-gotten proceeds from their sales of Infringing Products. Therefore, good cause exists for granting Plaintiff's request to proceed *ex parte* and for an asset restraining order. It typically takes banks and other financial institutions (including those defined below as the "Financial Institutions"), as well as online marketplace accounts, approximately five (5) days after service of an Order like this one to locate, attach, and freeze Defendants' Assets (defined below), Defendants'

Accounts (defined below), and/or the User Accounts, and service on Defendants shall not take place until such actions are completed.

6. Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible the records and documents relating to Defendants' manufacture, importing, advertising, marketing, distributing, offering for sale and/or sale of the Infringing Products. Thus, Plaintiff has established good cause for expedited discovery to be ordered.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** and it is **ORDERED** as follows:

### Temporary Restraints

2. As sufficient causes have been shown, Defendants are temporarily enjoined and restrained from engaging in any of the following conduct pending the return date of the Application as referenced below:

    a. manufacturing, importing, advertising, offering for sale, selling, distributing, destroying, selling off, transferring, or otherwise disposing of any Infringing Products;

    b. manufacturing, importing, advertising, offering to sell, selling, reproducing, or distributing any goods utilizing the NASCAR Marks, or any confusingly similar goods, other than genuine products manufactured or distributed by Plaintiff or its authorized manufacturers and distributors;

    c. destroying, selling off, transferring, or otherwise disposing of any documents, electronically stored information, or financial records or assets of any kind relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any Infringing Products;

    d.      using the NASCAR Marks on or in connection with any seller alias or online storefront (each, a "Seller Alias") that any Defendant may own, operate, or control on any online marketplace platform (each, a "Marketplace");

    e.      any and all use of the NASCAR Marks as metatags, on any webpage (including the title of any web page), in any advertising links to other websites, from search engines' databases or cache memory, or any other form of use of such terms that is visible to a computer user or that serves to direct computer searches to Seller Aliases registered, owned or operated by any Defendant on any Marketplace; and

    f.      altering, disabling, closing, or transferring ownership of any seller alias on any Marketplace during the pendency of this action, or until further Order of the Court.

**Temporary Asset Restraint**

3.     Pursuant to Fed. R. Civ. P. 64 and 65, as well as C.P.L.R. 6201, and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the following Financial Institutions: (i) WhaleCo Inc. ("Temu"), (ii) PayPal, Inc. ("PayPal"), (iii) Payoneer, Inc ("Payoneer"), (iv) Ping Pong Global Solutions Inc ("Ping Pong"), (v) Coinbase Global, Inc ("Coinbase"), (vi) Amazon.com, Inc. ("Amazon"), (vii) Walmart Inc. ("Walmart"), and (viii) Shopify Inc. ("Shopify" / "Shop Pay") (collectively referred to as the "Financial Institutions") and domain registrars shall locate all accounts associated with Defendants (the "Defendants' Accounts") and other assets belonging to Defendants, including any cryptocurrency (the "Defendants' Assets") and shall locate, attach, and restrain the transfer or disposing of monies or funds from Defendants'

Accounts, as well as the transfer or disposing of Defendants' Assets, until further ordered by this Court. The Financial Institutions and domain registrars shall provide written confirmation of their compliance with the foregoing to Plaintiff.

**Expedited Discovery**

4.    As sufficient cause has been shown, within five (5) days of receipt of service of this Order, the Financial Institutions and domain registrars shall provide the following information to Plaintiff's counsel (to the extent such information is in the Financial Institutions' and domain registrars' possession, custody, or control):

      a.    Identifying information for Defendants, including all available contact information (which shall include, if available, all known e-mail addresses and mailing addresses), as well as all associated account numbers and account balances, regardless of the platform or institution.

      b.    Any User Accounts and/or online marketplace websites affiliated with Defendants that are not listed on Schedule A to the Complaint (and attached hereto).

      c.    Information concerning any of Defendants' Accounts or Defendants' Assets including any and all related, connected or otherwise associated accounts or assets, regardless of the hosting platform or institution.

5.    As sufficient cause has been shown, Plaintiff is authorized to conduct expedited discovery, including that:

      a.    Plaintiff may serve interrogatories and requests for production of documents, pursuant to Rules 26 and 33, and 34 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern District of New York and Defendants who are served with

this Order shall provide written responses under oath to such interrogatories and produce documents requested within seven (7) days of service to Plaintiff's counsel.

**Notice of the TRO by Electronic Mail and/or Electronic Publication**

6.    Pursuant to Fed. R. Civ. P. 65(a), as sufficient cause has been shown, that notice of this Order and the Complaint may be provided to, and shall be deemed effective as to Defendants if it is completed by the following means:

Delivery of: (i) PDF copies of this Order together with the Complaint; (ii) a link to a website where each Defendant will be able to download PDF copies of this Order together with the Complaint, and all papers filed in support of Plaintiff's Application (the "Link") to Defendants' e-mail addresses as provided by the Financial Institutions and domain registrars or to the Financial Institutions and domain registrars if the Financial Institutions and domain registrars are unable to provide e-mail addresses.

7.    Such alternative notice, as set forth above, shall be made within three (3) days of the Financial Institutions' and domain registrars' compliance with Paragraphs 2 through 4 of this Order.

8.    The Clerk of Court is directed to issue a single original summons in the name of "The Individuals, Corporations, Limited Liability Companies, Partnerships, And Unincorporated Associations Identified On Schedule A To The Complaint" that shall apply to all Defendants.

**Alternative Service of Process Through U.S.-Based Counsel**

9.    Pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, service of this Order, the Summons, and the Complaint may be made on, and shall be deemed effective as to, any Defendant(s) who are represented by U.S. – based Counsel by delivering the following to said counsel:

a.    PDF copies of this Order, the Summons, and the Complaint; or

    b.    The Link (as defined in Paragraph 6 above) providing access to all papers filed in support of Plaintiff's Application.

10.    Such alternative service shall be completed by delivering the materials described in Paragraph 9 to Defendants' known U.S. Counsel's email address.

## Security Bond

11.    Plaintiff shall deposit with the Court One Thousand, Five Hundred Dollars ($1,500.00), either cash, cashier's check or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

## Sealing Order

12.    Plaintiff's Schedule A attached to the Complaint, Plaintiff's unredacted version of the Complaint, and Exhibit 2 showing the Seller Aliases' infringement, shall be sealed and remain sealed until Defendants' Accounts and Defendants' Assets are restrained.

13.    Plaintiff shall file unsealed versions of Plaintiff's Schedule A attached to the Complaint, Plaintiff's unredacted version of the Complaint, and Exhibit 2 showing the Seller Aliases' infringement, using the CM/ECF system prior to the expiration of this Order when Financial Institutions and domain registrars have confirmed that Defendants' funds are frozen and that Plaintiff properly provides Defendants with notice of the TRO and Complaint, whichever comes later.

## Application to Vacate or Dissolve

14.    Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by this Court.

**IT IS FURTHER ORDERED** that a hearing shall be held on_____, 2026 at _____a.m./p.m. in which Plaintiff may present its arguments in support of its request for issuance of a preliminary injunction. At such time, any Defendants may also be heard as to

opposition to Plaintiff's Application.

**IT IS FURTHER ORDERED** that opposing papers, if any, shall be filed and served on or before_____, 2026, at_____a.m./p.m.

This Temporary Restraining Order without notice is entered at_____on _____, 2026, and shall remain in effect for fourteen (14) days.


_____
UNITED STATES DISTRICT JUDGE