USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: __________
DATE FILED: 10/6/2026

**IN THE UNITED STATES DISTRICT C**
**SOUTHERN DISTRICT OF NEW Y**

NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC,

Plaintiff,

v.

DIY NEON SIGNS, et al.,

Defendants.

Civil Action No. 26-cv-5428

**CONSENT JUDGMENT**

This action having been commenced by Plaintiff National Association For Stock Car Auto Racing, LLC ("Plaintiff"), by its counsel, and Defendants DIY Sub Gift (DOE #49) and Orca Presents (DOE #119) ("Defendants"). Plaintiff and Defendants have resolved all claims arising from the allegations in the Complaint.

The parties stipulate the following: that this Court has personal jurisdiction over Defendants since Defendants directly targets its business activities towards consumers in the United States, including New York. Specifically, Defendants have targeted sales to New York residents by setting up and operating internet stores that target United States consumers, offering shipping to the United States, including New York, accepting payment in U.S. dollars and/or funds from U.S. bank accounts, and have sold products using infringing and counterfeit versions of Plaintiff's trademarks U.S. Trademark Registration Nos. 1,850,527; 1,908,112; 5,388,088; and 5,578,788 (the "NASCAR Marks") to residents of New York. Plaintiff is the current registered owner of the NASCAR Marks for use in connection with Plaintiff's NASCAR products.

The parties stipulate that Defendants are liable for willful federal trademark infringement under the Lanham Act, 15 U.S.C. § 1114.

IT IS HEREBY ORDERED that:

1. Defendants, the officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with it be permanently enjoined and restrained from:

    a. using the NASCAR Marks or any counterfeit marks or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff's product or not authorized by Plaintiff to be sold in connection with the NASCAR Marks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff's product or any other product authorized by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale in connection with the NASCAR Marks;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

    d. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which includes any product bearing the NASCAR Marks, including any counterfeit marks or colorable imitations thereof.

2. Pursuant to the parties' settlement agreement, Defendants DIY Sub Gift (DOE #49) and Orca Presents (DOE #119) shall each pay Plaintiff $1,000.00 (One Thousand U.S. dollars) in damages (the "Damages Amount").

3. Temu Inc. ("Temu") is ordered to transfer the Damages Amount from Defendants' accounts to Plaintiff within seven (7) calendar days of receipt of this Order.
4. Upon Temu's transfer of the Damages Amount to Plaintiff pursuant to paragraph 2, Temu shall remove any restraints that were placed on Defendants' Temu store and financial accounts pursuant to the Temporary Restraining Order, Dkt. No. 17.
5. This Court retains subject matter jurisdiction over this matter for at least one hundred eighty (180) days after this Order is entered. This case is dismissed with leave to reinstate within one hundred and eighty (180) days, at such time, absent a motion to reinstate, shall automatically convert to a dismissal with prejudice.
6. Each party shall bear its own attorney's fees and costs.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 40.

SO ORDERED.

Dated: October 6, 2026
New York, New York

ANALISA TORRES
United States District Judge